UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY A. GILBERT,

       Plaintiff,

                              CASE NO. 14-CV-11099

v.                             HONORABLE GEORGE CARAM STEEH

BILL SCHUETTE, et al,

       Defendants.

_____/

ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED
IN FORMA PAUPERIS, DISMISSING PLAINTIFF'S COMPLAINT
AND DENYING ANY APPEAL IN FORMA PAUPERIS

This is the third pro se civil rights action plaintiff Gregory A. Gilbert has brought to challenge the constitutionality of a search of his apartment on January 4, 1996, which resulted in the seizure of evidence, including his computer and floppy disks, which he alleges were used to convict him on October 30, 1996 of two counts of second-degree criminal sexual conduct. His two prior civil cases were summarily dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, plaintiff's third lawsuit shall also be summarily dismissed as his claims are clearly time barred.

Plaintiff seeks damages and injunctive relief under 42 U.S.C. § 1983, the Declaratory Judgment Act, 28 U.S.C. § 2201, and Federal Rule of Civil Procedure 57, for alleged violations of his Fourth, Fourteenth, and First Amendment rights arising out of the search of his apartment which he claims was undertaken without probable cause. Gilbert names as defendants Attorney General Bill Schuette; Farmington Hills detectives, Rose

Mackey and Pamela Talbot; Farmington Hills police officers Stacy Swanderski, Gilbert Kohls, Robert Peplinski; Farmington Hills police chief William Dwyer; Oakland County Assistant Prosecutor Pamela Maas; Magistrate Judge Joan Dudley; the City of Farmington Hills, Oakland County; the Michigan Department of Corrections; and John Doe defendants. In his prior civil rights complaint filed in 2009, Gilbert sued these same defendants except for the Farmington Hills Police Department and Bill Schuette, who are named for the first time in this lawsuit. In the 2009 lawsuit which Gilbert framed as a motion to suppress, this court determined that since he was no longer in custody, he could not pursue habeas relief, and that if he sought some other civil recovery, the case was dismissed for failure to state a claim. The Sixth Circuit affirmed the summary dismissal, ruling that his § 1983 suit was frivolous and time barred by Michigan's three year statute of limitations period under Mich. Comp. Laws § 600.5805(10). (No. 09-10773, No.10).

In 2012, Gilbert sued detective Mackey and Magistrate Judge Dudley for alleged violations of his Fourth and Fourteenth Amendments arising out of the same 1996 search of his apartment. Once again, the court summarily dismissed his claims as time barred and for failure to state a claim upon which relief could be granted. (No. 12-11164, Doc. 4). The Sixth Circuit affirmed. (No. 12-11164, No. 11). Although not a model of clarity, in the civil rights complaint now before the court, it appears that plaintiff seeks a declaration that the affidavits for search warrants lacked probable cause and that such a ruling "constitutes new evidence," as well as a "[m]andate that a similar occurrence does not happen in the future," and an award of reasonable fees, costs, and further relief. (Doc. 1 at 19).

Although federal courts hold the *pro se* complaint to a less stringent standard than those drafted by attorneys, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam);

Haines v. Kerner, 404 U.S. 519, 520 (1972), under 28 U.S.C. § 1915(e)(2)(B), a district court may dismiss a complaint before service on defendants if it is satisfied that the action is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from defendants who are immune from such relief. A complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." Nietzke v. Williams, 490 U.S. 319, 325 (1989).

Plaintiff alleges that his procedural due process claim here is not time barred because of the Supreme Court's recent decision in Skinner v. Switzer, 131 S. Ct. 1289 (2011). Plaintiff has misconstrued the holding of Skinner. In that case, the Court narrowly held that a state prisoner could bring a § 1983 suit for post-conviction DNA testing and was not limited to pursuing such relief in a habeas petition. Skinner does not save plaintiff from the three year statute of limitations period which applies to his § 1983 suit here.

While the statute of limitations is an affirmative defense, when the face of the complaint shows that an action is time barred, the case may be summarily dismissed upon screening. Jones v. Bock, 549 U.S. 199, 215 (2007); Castillo v. Grogan, 52 F. App'x 750, 751 (6th Cir. 2002). Section 1983 actions are governed by the state statute of limitations period for personal injury actions. Wallace v. Kato, 549 U.S. 384, 387 (2007); McCune v. City of Grand Rapids, 842 F.2d 903, 905 (6th Cir. 1988). Michigan's statute of limitations period for personal injury actions is three years. Mich. Comp. Laws § 600.5805(10). Plaintiff's § 1983 suit arises out of a search and seizure that occurred on January 4, 1996. The Sixth Circuit has ruled that generally the statute of limitations begins to run at the time of the allegedly illegal search. Harper v. Jackson, 293 F. App'x 389, 392 n.1 (6th Cir. 2008). Plaintiff claims that he learned of the alleged invalidity of the search warrant in

2003. Even if the 2003 date triggers the statute of limitations period, for the same reason his two prior lawsuits were dismissed, plaintiff's § 1983 suit here shall also be dismissed as untimely, now because it is at least eleven years too late. In plaintiff's 2012 lawsuit, the Sixth Circuit ruled that his claim under the Declaratory Judgment Act was also time barred as that statute does not confer jurisdiction on federal courts, and a complaint seeking relief under the Act must state an independent source of jurisdiction. (No. 12-11164, Doc. 4). For the same reason, his claim for relief under the Declaratory Judgment Act here is also time barred.

IT IS ORDERED that plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is GRANTED. IT IS FURTHER ORDERED that plaintiff's case is DISMISSED. Based on the preceding order, this court certifies that any appeal from this decision would be frivolous, not in good faith and, therefore, pursuant to 28 U.S.C. § 1915(a)(3), may not be taken *in forma pauperis*.

IT IS SO ORDERED.

Dated: May 28, 2014

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 28, 2014, by electronic and/or ordinary mail and also on Gregory A Gilbert, 118 1/2 S Washington Street, Owosso, MI 48867-2922.

s/Barbara Radke
Deputy Clerk