UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY A. GILBERT,

        Plaintiff,

                              CASE NO. 14-CV-11099
v.                           HONORABLE GEORGE CARAM STEEH

BILL SCHUETTE, et al.,

        Defendants.

_____/

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc. 6)

Plaintiff Gregory Gilbert, appearing *in forma pauperis*, filed his third pro se civil rights complaint under 42 U.S.C. § 1983 to challenge the constitutionality of a search of his apartment on January 4, 1996, which resulted in the seizure of evidence, including his computer and floppy disks, which were used to convict him of two counts of second-degree criminal sexual conduct. On May 28, 2014, pursuant to 28 U.S.C. § 1915(e)(2)(B) which requires the court to screen complaints filed *in forma pauperis,* this court summarily dismissed Plaintiff's civil rights action as time-barred. On June 6, 2014, plaintiff filed a motion for reconsideration and as part of that motion, he also seeks a writ of error coram nobis. Plaintiff's motion shall be denied.

A motion for reconsideration may only be granted on the following grounds:

**Grounds.** Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

Local Rule 7.1(h)(3). Plaintiff has failed to show a palpable defect by which the court has been misled. As the court previously stated in its order summarily dismissing Plaintiff's complaint, Plaintiff's claim is clearly time-barred as it is at least eleven years too late.

Plaintiff's petition for a writ of error coram nobis must also be denied. As the Sixth Circuit recognized in United States v. Johnson, 237 F.3d 751, 755 (6th Cir. 2001), "[c]oram nobis is an extraordinary writ, used only to review errors of the most fundamental character - e.g., errors rendering the proceedings themselves invalid." In order to prevail on a writ of error coram nobis, "the petitioner must demonstrate (1) an error of fact; (2) unknown at the time of trial; (3) of a fundamentally unjust character which probably would have altered the outcome of the challenged proceeding if it had been known." Id. Plaintiff has not demonstrated the above requirements and is not entitled to relief. In addition, the doctrine of laches applies to coram nobis proceedings. Blanton v. United States, 94 F.3d 227, 231 (6th Cir. 1996). As the search giving rise to plaintiff's petition occurred in 1996, plaintiff's lengthy delay in seeking relief prejudices the government's ability to respond to the petition. Contrary to Plaintiff's argument here, the fact that Plaintiff previously filed a habeas petition and two prior civil rights actions, which also challenged the constitutionality of the search, does not save his petition here from dismissal for untimeliness. The doctrine of laches applies and bars his petition.

For the reasons stated above, Plaintiff's motion for reconsideration (Doc. 6) is DENIED and plaintiff's petition for a writ of coram nobis is DENIED. Based on the preceding order, this court certifies that any appeal from this decision would be frivolous,

not in good faith and, therefore, pursuant to 28 U.S.C. § 1915(a)(3), may not be taken *in forma pauperis*.

    IT IS SO ORDERED.

Dated: June 17, 2014

                                    s/George Caram Steeh
                                    GEORGE CARAM STEEH
                                    UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 17, 2014, by electronic and/or ordinary mail and also on Gregory A Gilbert, 118 1/2 S Washington Street, Owosso, MI 48867-2922.

s/Barbara Radke
Deputy Clerk

---